# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-00421-RGK/8:09-cr-00132-RGK-3 | Date | May 23, 2018 |
|---|---|---|---|
| Title | *Nilesh BharatKumar Kumar v. United States of America* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petition for Writ of Error *Coram Nobis* (DE 1)

## I. INTRODUCTION

Nilesh BharatKumar Kumar ("Petitioner") is a citizen of the United Kingdom who has lived in the United States since he entered the country in 1991 at nine years old. In 2009, he was indicted for conspiracy to possess and use unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2) (count one); use of unauthorized access devices in violation of 18 U.S.C. § 1029 (a)(2) (count two); and unlawful possession of fifteen or more access devices, in violation of 18 U.S.C. § 1029(a)(3) (count three). Petitioner pled guilty to count one of the indictment on January 8, 2010. Three months later, the district court sentenced Petitioner to 24 months' imprisonment, two years' supervised release, restitution of $145,151.50, and a $100 special assessment.

Because Petitioner's offense involved fraud and a loss of over $10,000, it constituted an aggravated felony under federal immigration law. *See* 8 U.S.C. §§ 1101(a)(43)(M)(i). A noncitizen convicted of an aggravated felony is subject to mandatory deportation. *See* 8 U.S.C. § 1227(a)(2)(A)(iii); *Lee v. United States*, 137 S.Ct. 1958, 1963 (2017).

Before the Court is Petitioner's Petition for Writ of Error *Coram Nobis* ("the Petition"), in which he argues that the Court must overturn his conviction because his criminal trial attorney provided ineffective assistance of counsel under the Sixth Amendment. Specifically, Petitioner argues his attorney failed to advise him that his guilty plea would result in mandatory deportation.

Petitioner first raised this claim in an appeal to the Ninth Circuit filed in May 2010, but the Ninth Circuit held it was inappropriate for direct appeal. About four years later, Petitioner reasserted his ineffective assistance of counsel argument before this Court in a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Section 2255"). The Court held Petitioner failed to demonstrate

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:18-cv-00421-RGK/8:09-cr-00132-RGK-3 | Date | May 23, 2018 |
|---|---|---|---|
| Title | *Nilesh BharatKumar Kumar v. United States of America* | | |

prejudice and denied the motion. The Ninth Circuit rejected Petitioner's Section 2255 appeal on May 7, 2015. The present Petition followed nearly three years later, on March 15, 2018.

For the following reasons, the Court **DENIES** the Petition.

## II. JUDICIAL STANDARD

The writ of error *coram nobis* is an extraordinary remedy that allows a movant to attack an unconstitutional or unlawful conviction after the movant has served his sentence and is no longer in custody. *Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995). "The writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989) (citations omitted). The writ permits a court to vacate its judgment when an error has occurred that is of such fundamental character that the proceeding itself is rendered invalid. *McKinney*, 71 F.3d at 781. The writ should be granted "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954).

To qualify for *coram nobis* relief, a movant must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences resulting from the conviction satisfy the case or controversy requirement of Article III; and (4) the error suffered is of the most fundamental character. *McKinney*, 71 F.3d at 781–82.

## III. DISCUSSION

The Government argues that Petitioner failed to establish (1) that a valid reason exists for waiting nearly three years after the Ninth Circuit rejected his Section 2255 appeal to bring his Petition, or (2) that he suffered a fundamental error. Because the Court finds Petitioner failed to establish fundamental error, it need not decide whether Petitioner provided a valid reason for his delay in filing the *coram nobis* Petition.

### A. Fundamental Error

Petitioner claims his attorney provided ineffective assistance of counsel by failing to advise him that his guilty plea would result in mandatory deportation. A claim of ineffective assistance of counsel may, if proved, constitute an "error of the most fundamental character" warranting a writ of error *coram nobis*. *See United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005). The Supreme Court set forth the test for demonstrating ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a claimant must show that, considering all the circumstances, his attorney's performance

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00421-RGK/8:09-cr-00132-RGK-3 | Date | May 23, 2018 |
|---|---|---|---|
| Title | *Nilesh BharatKumar Kumar v. United States of America* | | |

fell below an objective standard of reasonableness. *Id.* at 687–88. Second, he must establish that he was prejudiced by his attorney's deficient performance. *Id.* at 693–94.

It is undisputed that affirmatively misrepresenting the immigration consequences of a client's guilty plea may constitute deficient performance. *See Kwan*, 407 F.3d at 1015. "Where the law is 'succinct, clear, and explicit' that the conviction renders removal [or deportation] virtually certain, counsel must advise his client that removal is a virtual certainty." *United States v. Rodriguez-Vega*, 797 F.3d 781, 786 (9th Cir. 2015) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 368–69 (2010)). Deportation is a virtual certainty if "the immigration statute or controlling case law expressly identifies the crime of conviction as a ground for removal" *Id.* at 786 (citing *Padilla*, 559 U.S. at 369). Under these circumstances, it is not enough to advise of a "mere 'potential' of removal." *Id.* at 788.

The immigration statute expressly identifies Petitioner's crime of conviction as a deportable offense. *See* 8 U.S.C. §§ 1101(a)(43)(M)(i), 1227(a)(2)(A)(iii). Accordingly, Petitioner's attorney was required to advise him that his conviction rendered deportation virtually certain. *See Rodriquez-Vega*, 797 F.3d at 786. The parties present conflicting evidence regarding what advice Petitioner's attorney provided. The Court, however, finds that it need not resolve this dispute, as Petitioner provided insufficient evidence of prejudice. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.").

To show prejudice, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is proof "sufficient to undermine confidence in the outcome" and is "somewhat lower" than a preponderance of the evidence. *Id.* Where the petitioner claims ineffective assistance caused him to accept a plea bargain, he can establish a different result by showing he otherwise would "have gone to trial or received a better plea bargain." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (quoting *United States v. Howard*, 381 F.3d 873 (2004)); *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017). Petitioner asserts that, because of his strong ties to the United States, he would have insisted on going to trial had he known his plea would subject him to mandatory deportation.[1]

The Government first argues that Petitioner cannot establish prejudice because any alleged misadvice was cured by the Court's advisements at the change of plea hearing. The Court disagrees. The

---

[1] Petitioner also asserts that he would have received a better plea absent his attorney's alleged misadvice. Other than repeating this assertion in an affidavit, Petitioner presents no actual evidence or argument to this effect. The Court therefore focuses its analysis on whether Petitioner would have insisted on going to trial.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00421-RGK/8:09-cr-00132-RGK-3 | Date | May 23, 2018 |
|---|---|---|---|
| Title | *Nilesh BharatKumar Kumar v. United States of America* | | |

Court advised Petitioner that "[i]n some cases [your plea] can affect citizenship and result in deportation." (Transcript 11:19-23, Case No. 8:09-cr-00132, ECF No. 261.) Because the Court's advice merely "notified [Petitioner] of the possibility of removal, when in fact [his] removal was virtually certain," it "did not purge prejudice." *Rodriguez-Vega*, 797 F.3d at 790. The Government insists that Petitioner's deportation is not virtually certain because there is no evidence that he has actually received a deportation notice. But the court in *Rodriguez-Vega* was clear that deportation is "virtually certain" if, as here, a defendant is convicted of an offense that is expressly identified as deportable under the immigration statute. *Id.* at 786. Whether or not deportation proceedings have commenced is irrelevant.

The Government next argues that Petitioner cannot show he would have insisted on going to trial but for his attorney's alleged misadvice, focusing mainly on the strength of the Government's case and the absence of any viable trial defenses. The Ninth Circuit has found prejudice "where a non-citizen demonstrates clearly that [he] placed a 'particular emphasis' on the immigration consequence of a plea in deciding whether or not to accept it." *Rodriguez-Vega*, 797 F.3d at 789. Even a defendant with no viable trial defense can establish prejudice through clear evidence that "deportation [was] the 'determinative issue' for an individual in plea discussions," the defendant "had strong connections to [the United States] and no other," and "the consequences of taking a chance at trial were not markedly harsher than pleading." *Lee v. United States*, 137 S.Ct. 1958, 1968–69 (2017).

*In Rodriguez-Vega*, the defendant rejected an earlier plea agreement that contained a stipulated removal provision in an effort to avoid separation from her family, who lived in the United States. *Rodriguez-Vega*, 797 F.3d at 789. She had numerous conversations with her attorney regarding the immigration consequences of her plea before accepting it. *Id.* In addition, she was only twenty-two years old and faced a prison term of only ten to sixteen months. *Id.* at 790. The court found this evidence sufficient to demonstrate that the defendant "placed a particular emphasis on preserving her ability to remain in the United States" and would have risked trial for a chance to avoid deportation. *Id.*

In *Lee*, the Supreme Court found a defendant with no viable trial defenses nonetheless demonstrated "a reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation." *Lee*, 137 S.Ct. at 1967. First, the evidence showed deportation was the determinative issue for the defendant in plea discussions. *Id.* at 1968. The defendant asked his attorney repeatedly whether there was any risk of deportation. *Id.* at 1967. Both the defendant and his attorney testified that he would have gone to trial had he known his conviction resulted in mandatory deportation. *Id.* at 1967–68. When asked at the plea colloquy whether knowing a conviction could result in deportation affected his decision, the defendant answered in the affirmative and did not plead guilty until his attorney reassured him he would not be deported. *Id.* at 1968. Second, the evidence showed the defendant had strong connections to the United States and no foreign ties. *Id.* The defendant had lived in the United States for nearly three decades, had two businesses in the country, and was the only family

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00421-RGK/8:09-cr-00132-RGK-3 | Date | May 23, 2018 |
|---|---|---|---|
| Title | *Nilesh BharatKumar Kumar v. United States of America* | | |

member in the country who could care for his parents. *Id.* Third, the defendant did not face a markedly harsher sentence at trial. *Id.* at 1969. The plea shaved off merely one or two years of prison time. *Id.* All of this evidence together was sufficient to establish prejudice.

Here, Petitioner argues that he likewise placed particular emphasis on the immigration consequences of his plea. In support, Petitioner cites his strong family, work, and life ties in the United States. He has lived in the United States since 1991. His entire immediate family lives in the United States, including his father, mother, and sister. He has no family in the United Kingdom. He works for his father's business. In addition, Petitioner states in his affidavit that he would have rejected his plea and taken the case to trial had he known of the immigration consequences. Finally, Petitioner argues his attorney's statements at the sentencing hearing indicated the immigration consequences of his plea were of great importance to Petitioner.

Petitioner's evidence is much weaker than that presented in either *Rodriguez-Vega* or *Lee* and falls short of establishing prejudice. His attorney's statements at the sentencing hearing do little to advance Petitioner's position. At the hearing, his attorney stated, "If [Petitioner] is sentenced to more than 12 months he gets a prison sentence plus he gets deported," a result which he argued would not be in the best interests of Petitioner or the community and would frustrate his ability to pay restitution. (Sentencing Transcript 4:22–23, Case No. 8:09-cr-00132, ECF No. 262.) These statements hardly suggest that avoiding deportation was Petitioner's priority. In fact, Petitioner also spoke at the sentencing hearing and did not express any concerns about deportation. (*Id.* at 9:13–10:15.) Nor did he indicate any particular concerns about deportation at his plea colloquy, even when the Court advised him that he could be deported as a result of pleading guilty. Unlike in *Rodriguez-Vega* and *Lee*, Petitioner presents no evidence that he repeatedly asked his attorney about the risks of deportation during the course of his representation. In addition, Petitioner's plea reduced his prison time much more significantly than the plea agreements in *Rodriguez-Vega* and *Lee*. Petitioner's plea carried a maximum sentence of five years in prison and three years of supervised release, while he faced a maximum penalty of twenty-five years in prison had he gone to trial. (*See* Plea Agreement ¶ 4, Case No. 8:09-cr-00132, ECF No. 94.) This evidence overshadows Petitioner's strong ties to the United States and refutes his assertion that he would have taken the case to trial absent his attorney's alleged misadvice.

Absent prejudice, Petitioner cannot establish ineffective assistance of counsel and consequently cannot establish fundamental error. The Court therefore **DENIES** the Petition.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:18-cv-00421-RGK/8:09-cr-00132-RGK-3 | Date | May 23, 2018 |
|---|---|---|---|
| Title | *Nilesh BharatKumar Kumar v. United States of America* | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petition for Writ of Error *Coram Nobis*.

**IT IS SO ORDERED.**

: 

Initials of Preparer